UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Leon Marsh, | ) C/A No. 6:06-3164-CMC-WMC |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) |
| Warden Padula, Lee Correctional Institution; | ) **Report and Recommendation** |
| and Mr. Henry McMaster, Attorney General | ) |
| of South Carolina, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

The petitioner, Timothy Leon Marsh, proceeding *pro se*, brings this action titled Writ

of Mandamus.  Petitioner is an inmate at Lee Correctional Institution, a facility of the South

Carolina Department of Corrections (SCDC).  The petitioner names a SCDC employee as

a respondent[1].  Petitioner requests that his life sentence be vacated and that he be

released.  Petitioner further asks the District Court to compel various actions by the South

Carolina State Courts .  The complaint should be dismissed for failure to state a claim upon

which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

1321 (1996).  This review has been conducted in light of the following precedents:  Denton

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989);

_____

[1] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in
any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
redress from a governmental entity or officer or employee of a governmental entity."

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, (4th Cir. 1990).

## Background

Petitioner, files this document, entitled Writ of Mandamus, on a § 2254 Petition for Writ of Habeas Corpus. Petitioner fails to specify, in his Petition, what action(s) he wishes the Court to compel. However, on pages seven and eight of Exhibit Two (attached to the Writ of Mandamus), petitioner indicates he wishes the District Court to vacate his life

2

sentence and release him.  The petitioner further asks the District Court to Order the South Carolina State Courts to deem his prior state court appeal timely filed and to hear said appeal.  In addition, petitioner seeks to have the District Court issue an Order dismissing petitioner's state court warrant and indictment.

On March 22, 1988, the petitioner was sentenced to life after being convicted, by a jury, of Murder.  Petitioner filed a direct appeal to the South Carolina Supreme Court, which affirmed his conviction and sentence on January 29, 1990.  Petitioner filed an Application for Post Conviction Relief (PCR) on May 29, 1990, which was denied/dismissed on April 29, 1991.  Petitioner filed a second PCR action in July 1993, which was found successive with the exception of one issue: Whether petitioner's PCR counsel failed to file an appeal to the dismissal of his first PCR application.   The Court held a hearing on March 17, 1994, and  found that petitioner had been advised by both of his PCR attorneys of his right to appeal the denial of his PCR application. The second PCR action was then dismissed on July 12, 1994, and the South Carolina Supreme Court denied *certiorari* on August 28, 1995.  Petitioner subsequently filed a State Writ of Habeas Corpus on July 5, 2001, which was treated as a third PCR action.   Petitioner's third PCR was denied and dismissed on May 5, 2005.  Petitioner states he did not receive a copy of the Order denying his third PCR until February 28, 2006.  Petitioner attempted to appeal the dismissal of his third PCR to the South Carolina Court of Appeals, however, the action was dismissed as untimely on July 28, 2006.  Further appeal to the South Carolina Supreme Court resulted in petitioner's  writ of *certiorari* being dismissed on September 20, 2006.

In addition to his state court litigation, petitioner has filed two federal habeas actions. Civil Action No. 3:91-1187-WBT, resulted in an Order, dated April 23, 1992, adopting the

3

Magistrate Judge's Report and Recommendation, which recommended granting respondent's motion for summary judgment. Petitioner's second habeas action, Civil Action No. 6:96-2150-WBT, also resulted in a Report and Recommendation, dated January 13, 1997, recommending summary judgment in favor of the respondents. Petitioner timely objected to the January, 1997, Report and Recommendation. However, an Order adopting the Report and Recommendation and granting summary judgment to the respondents was issued on April 29, 1997. Petitioner filed a Notice of Intent to Appeal on May 15, 1997. The Fourth Circuit Court of Appeals dismissed petitioner's appeal on February 24, 1998.

## Discussion

The petitioner is seeking a writ of mandamus from the United States District Court for the District of South Carolina. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See* Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, *see* In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal, *see* In re Catawba Indian Tribe, 973 F.2d 1133, 1135 (4th Cir. 1992). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989). The Fourth Circuit Court of Appeals has held that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought;

4

(2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001), *citing* United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502(4th Cir. 1999). The petitioner makes no arguments establishing that he is clearly and indisputably entitled to mandamus relief. Since the petitioner failed to demonstrate one of the necessary conditions for the issuance of a writ of mandamus, the court need not look any further. It is noted however, that the petitioner also failed to demonstrate any of the remaining conditions set out in Braxton, 258 F.3d at 250. No extraordinary circumstances are presented by the petitioner to warrant the drastic remedy of a writ of mandamus requiring the South Carolina State Courts to immediately release the petitioner or hear his prior appeal. The writ of mandamus should be dismissed.

In addition, it is significant that petitioner requests mandamus relief against a State Court. District Courts are granted under 28 U.S.C. § 1361, "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. *See* United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999)("Thus, the language of § 1361 . . . provides the basis, when federal actors are involved, for federal jurisdiction over an action based on the writ.") Federal courts, therefore, cannot use § 1361 to issue a writ against a State Court, as petitioner requests.

Should petitioner look to 28 U.S.C. § 1651, the "all writs statute", as a source of mandamus authority, relief would still be unavailable. A writ of mandamus is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651;

5

and <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In <u>Gurley</u>, a district court denied a writ of mandamus, brought by a state prisoner to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript.  On appeal, the United States Court of Appeals for the Fourth Circuit concluded that both the Fourth Circuit Court of Appeals and the United States District Court were without jurisdiction to issue a writ of mandamus because they exercised no supervisory authority over the State courts of North Carolina.  Since the petitioner requests mandamus relief against a State Court, the United States District Court for the District of South Carolina lacks jurisdiction under 28 U.S.C. § 1651 to issue a writ of mandamus.

Finally, to the extent petitioner's action may be construed as an attempt to file a writ for habeas relief, it should be dismissed as successive.  The present petition is the third §2254 petition filed by petitioner with respect to his convictions.   In order for this Court to consider a second or successive § 2254 petition, petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See* <u>In re: Williams</u>, 330 F. 3d 277 (4th Cir. 2003); <u>In re: Fowlkes</u>, 326 F. 3d 542 (4th Cir. 2003).  The petitioner has not received permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition, therefore, this Court does not have jurisdiction to consider it.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See* <u>Todd</u>

v. Baskerville 712 F.2d at 74, Denton v. Hernandez, 504 U.S. at 31, Neitzke v. Williams, 490

U.S. at  324-25.  Petitioner's attention is directed to the important notice on the next page.

                                        Respectfully Submitted,


December 1, 2006                         s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).